[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13184
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00044-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRI REDDICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 18, 2008)

Before CARNES, BLACK, and PRYOR, Circuit Judges.

PER CURIAM:

Terri Reddick appeals her convictions for making and possessing counterfeit

currency with intent to defraud in violation of 18 U.S.C. §§ 471 & 472. Reddick contends that there was insufficient evidence to support the convictions and challenges the district court's jury instruction on deliberate ignorance. After review, we affirm Reddick's convictions.

We review de novo the sufficiency of the evidence presented at trial, but view the evidence "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Perez-Tosta, 36 F.3d 1552, 1557 (11th Cir. 1994) (internal quotation marks and citations omitted). Instead, "[w]e must affirm the conviction if we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Nolan, 223 F.3d 1311, 1314 (11th Cir. 2000) (internal quotation marks and citation omitted).

Reddick contends that there was insufficient circumstantial evidence to support the conclusion that she produced or possessed the counterfeit currency with an "intent to defraud" as required under 18 U.S.C. §§ 471 and 18 U.S.C. § 472. When a conviction is based on circumstantial evidence, "reasonable

2

inferences, and not mere speculation, must support the jury's verdict." Perez-Tosta, 36 F.3d at 1557. Here the government presented evidence that Reddick knowingly allowed a counterfeiting operation to take place in a locked room in her house. That room contained, among other things: (1) two combination printer-scanner-copiers, with genuine United States currency found on the scanning surface; (2) one-sided and double-sided sheets of photocopied currency in the paper trays of the printers; (3) resumé paper that simulated the look and feel of genuine currency; (4) paper cutters (to cut the sheets of counterfeit currency into individual notes); (5) a counterfeit detection pen; and (6) over $900,000 in counterfeit currency in bags in the closet. The government also presented evidence of Reddick's written statement that she was going to receive $45,000 and a Range Rover in exchange for the use of her house to print the fake currency.

Reddick contends that she thought the money was going to be used in a music video. At trial she offered that same contention, which was undermined by the testimony of secret service agent that Reddick had told him that she believed the money was going to be used in a drug deal. The evidence presented at trial was sufficient because it allowed for the reasonable inference that Reddick knowingly produced and possessed the counterfeit currency with an intent to defraud or with knowledge that it would be used by others to defraud.

Reddick's second contention is that there was no basis for the district court's deliberate ignorance jury charge because "[w]hile she may have been taken advantage of, she certainly did not stick her head in the sand." See United States v. Puche, 350 F.3d 1137, 1149 (11th Cir. 2003) ("An instruction on deliberate ignorance is appropriate only if it is shown [among other things] . . . that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution.") (internal quotation marks and citation omitted). Our decisions in United States v. Stone, 9 F.3d 934 (11th Cir. 1993), and United States v. Kennard, 472 F.3d 851 (11th Cir. 2006), foreclose Reddick's contention. In Kennard, we reiterated that "any error in giving an unwarranted deliberate ignorance instruction is harmless if the jury could have convicted on an alternative, sufficiently supported theory of actual knowledge." Kennard, 472 F.3d at 858 (citing Stone, 9 F.3d at 937–40). As we have already explained, the government presented sufficient evidence to support a conviction based on actual knowledge. The jury here, like the juries in Stone and Kennard, was instructed that it could convict Reddick by finding beyond a reasonable doubt that she either had actual knowledge of the intent to defraud or was deliberately ignorant of that intent. See Stone, 9 F.3d at 937–938; Kennard, 472 F.3d at 858. We must assume that the jury followed its instructions and would not have

4

convicted Reddick under either theory unless she was guilty beyond a reasonable doubt. See Stone, 9 F.3d at 938. Because of that assumption "any shortcoming in the evidence about deliberate ignorance was rendered harmless by the sufficiency of evidence of actual knowledge." Kennard, 427 F.3d at 858.

**AFFIRMED.**